Hawkins, J.,
delivered the opinion of the Court.
This is an action of trespass on the case, commenced in the Circuit Court of Washington County, on the 27th of December, 1858. The declaration is in the form prescribed by the Code for false imprisonment, section 2939, No. 19, and is in these words: “The plaintiff sues the defendant for one thousand dollars, as damages for maliciously and illegally arresting and imprisoning, or causing him to be arrested and imprisoned, for - days, from the - day of- 1858.”
The defendant pleaded a general plea of “not guilty,” and gave notice to plaintiff:
1st, That upon the trial of the cause, he would rely upon the fact that the alleged arrest and imprisonment of plaintiff was upon probable cause, and not illegally and maliciously made-
*98 2d, That he would give evidence, upon the trial of the cause, that the arrest and imprisonment complained of, was oh account of an indictment duly, lawfully found, by the Grand Jury of Washington County, and by virtue of a capias, lawfully issued and executed upon the plaintiff, for a misdemeanor as overseer of the road in said indictment mentioned; and that the said road was not mile marked; that it was obstructed and out of repair. An issue was made on the general plea, and at the October Term, 1860, of said Court, the cause was submitted to a jury. On- the trial, the plaintiff read the record of the Court, showing his indictmect, arrest, arraignment, trial and acquittal, also the judgment of the Gourt, taxing the defendant, who was the prosecutor, with the costs, because the prosecution was frivolous and malicious. Plaintiff also offered to prove, by several witnesses, who were sworn, that defendant was guilty of a malicious prosecution, and acted from malicious motives in causing plaintiff to be indicted for a misdemeanor as .overseer of the road aforesaid; and that it was by his malicious and wrongful act, that plaintiff was arrested and imprisoned by the Sheriff, on the capias issued in said .cause; but His Honor, the Circuit Judge, refused to allow the evidence to go to the jury, and instructed the jury that they could not, “under the plead-, ings in this causé, consider any evidence before them tending to show that said prosecution was malicious.” Before the Court charged the jury, the plaintiff asked leave to amend his declaration, by adding a count for a malicious prosecution; so as to embrace the facts which he had offered to prove. This the Court refused, but stated, that, “in the event of a non-suit, he would *99 allow said amendment to be made, on the payment by the plaintiff of the costs of the Term.” The jury rendered a verdict “that the defendant is not-.guilty of the malicious prosecution, as the plaintiff hath alleged.”
The plaintiff moved for a new trial, which being overruled, he has appealed to this Court. -
It is insisted in argument. by the plaintiff’s counsel, that the Circuit Judge erred:
1st, In rejecting the evidence offered by plaintiff.
2d, In refusing to allow plaintiff to amend Ms declaration. Sections 2913 and 2914 of the Code of Tennessee provides, that the defendant may enter a general denial of the plaintiff’s cause of action, equivalent to the general issue whether such plea, would have heretofore been good or not. Sections 2915 and 2916, provides, that “whenever such general plea is filed, the defendant shall, unless notice is waived, give notice of all his real defenses, whether by way of denial or avoidance, though such defense might have been admitted heretofore under the general issue; and no matter of defense, of which notice is not given, shall be given in evidence, or relied on. Such notice shall state such defenses separately; and if the same is not stated clearly, or are double, or insufficient, they may be struck out, on motion. Or. he may plead specially, his defenses; in which case, he shall state the facts relied on, truly and briefly as may be; and no matter of defense not pleaded, shall be shown in evidence.” Section 2900 provides, that “a plea shall, in all cases, contain a succinct statement of the facts relied on as a defense to the action, except the cases provided for in sections 2913, 2915;” the provisions of which have already been stated. Section 2884 provides, *100 that any pleading possessing the following requisites Í3 sufficient:
1st, When it conveys a reasonable certainty of meaning.
2d, When, by a fair and natural construction, it shows a substantial cause of action or defense.
Under the several sections of the Code before cited, the pleadings in this cause have been framed,, and upon the construction and effect of which, depends the solution of the question presented for our consideration. By a liberal and just construction of these sections, it is evident the object of the Legislature was to abolish the technicalities and avoid the perplexity of the old forms of pleading, and to’ abridge and simplify the pleadings and practice in courts of justice; whether the means adopted have attained the end or not, is not for us to decide. We feel it our duty, not only to construe the acts of the Legislature with a view to the object had in view, but to give them such fair and natural construction as may most effectually aid in the accomplishment of the object of the law. It is manifest, that under sections 2915 and 2916, the defendant, under his general plea, cannot avail himself of the matters of defense stated in his notices filed with his plea. It is equally clear, that, having given plaintiff the notice required, he may give such matter in evidence, and rely upon the same on the trial; or he may have specially pleaded such matters, and thus have availed himself of the same defenses; whether he gives the notice, or pleads the matters of defense specially, his right to give the same in evidence, is the same. If the defendant plead specially, the plaintiff must reply to the plea; but, if the defendant *101 give notice of such special matters, as provided in section 2915, no replication is necessary. The plaintiff may orally demur to such notice, by motion to strike it out; which may be done, if the defenses relied on be not stated separately and clearly, or be insufficient. Although such notice is not denominated a plea, and although the plaintiff is not required to make any answer thereto, or touching the matter of defense therein stated, still it was evidently the intention of the Legislature, that it should be as certain, sufficient, and effective for all purposes, as the special plea provided for by section 2916, and must, therefore, be regarded as such, subject to this exception alone, that no replication is necessary to put the matter so pleaded, in issue; and it is well settled, that either party has the right to introduce evidence tending to disprove the truth of any matter pleaded or put in issue by the opposite party. Now, let us apply these rules to the case before the Court. The plaintiff sues the defendant “for maliciously and illegally arresting and imprisoning him, or causing him to be arrested and imprisoned.”
The defendant gives notice: 1st, That upon the trial, he will rely upon the fact, that the alleged arrest and imprisonment of the plaintiff was upon probable cause, and not illegally and maliciously made. 2d, That defendant would give evidence, on the trial of the case, that plaintiff was arrested and imprisoned because of an indictment against him for neglect of duty ■ as overseer of a road, by virtue of a capias, lawfully issued; and that the said road was not mile marked — was obstructed and out of repair.
The plaintiff offered to prove that the defendant acted *102 from malicious motives, in causing Mm to be indicted for á misdemeanor as overseer of said road, and that it was by the malicious and wrongful act of defendant that he was arrested and imprisoned, by the Sheriff, on the capias in said cause..
The Circuit Judge who tried-the cause being of opinion the declaration embraces only a case of false imprisonment, and not a case of malicious prosecution, rejected the evidence. Waiving, for the present, the question as to the correctness of this opinion of His Honor, the Circuit Judge, we think the evidence that it was by the malicious and wrongful act of the defendant, that the plaintiff was arrested and imprisoned by the Sheriff, on the capias issued in said cause, was admissible, under the pleadings, as tending to disprove the matters of defense alleged and put in issue by the defendant. It would scarcely be insisted that, under the pleadings, the defendant might not prove the road mentioned- was not mile marked — that it was obstructed and out of repair — no motion having-been made to strike out the same. This being so, could it be maintained that' the plaintiff might not disprove the same allegations as matters of defense, offered by the defendant, as a justification of the alleged arrest and imprisonment of plaintiff, procured by defendant.
But, we think the evidence was most clearly admissible under the declaration. The distinction formerly recognized and adhered to between actions of trespass — vi et armis and actions of trespass on the case — had been abolished by Statute. The law declares that any pleading conveying a reasonable certainty of meaning, and which, by a fair and natural construction, shows a substantial cause of action, a defense shall be sufficient. *103 The cause of action, as stated in this declaration, is, that the defendant had illegally and maliciously arrested and imprisoned the plaintiff, or had caused him to be arrested and imprisoned — the fair and natural construction of which is, that if defendant had not himself maliciously and illegally arrested the plaintiff, he had maliciously and illegally procured it to he done; and the latter proposition is, substantially, the identical proposition which the plaintiff offered to establish by proof, and which the Circuit Judge refused to permit him to do. It can make no difference as to the right of the parties, . nor the rules to be applied, that the plaintiff, by accident or design, has chosen to state his cause of action in the same language in. which another cause of action may have been stated — if, by a fair and natural construction, it conveys a reasonable certainty of meaning — that is, if it is language reasonably certain, and states the true cause upon which he relies for a recovery in the suit. Such seems to have been the opinion of defendant’s counsel, in the preparation of the cause; and the pleadings have been evidently prepared with a view to the identical facts which the plaintiff offered to prove. We are therefore of the opinion, the Circuit Judge erred in re jecting testimony, tending to show that the alleged arrest and imprisonment of the plaintiff, was procured by the wrongful and malicious acts of the defendant. It is unnecessary to refer to other questions presented in the record, inasmuch as for the reasons already stated, the judgment of the Circuit Court must be reversed, and the cause remanded for a new trial.